Dav, J.
The only questions made between the principal parties in the case arise upon the action of the court in overruling the motion for a new trial. As to the first ground of the motion — that the findings upon the issues of fact were not sustained by the evidence — it is only necessary to say, this court is of opinion that the findings of fact by the court below were warranted by the evidence. Hpon the other ground of the motion — that the holdiug of the court was contrary to law — arises the main question in the case: Was the plaintiff, Martha Shady, entitled, in equity, to a life estate in the land in question ?
*336 It is claimed that she is not, for the reason that she is still entitled to dower in the Mercer county land, of which she can not be divested except by legal conveyance, or by judicial proceedings to which she was a party. The ground on which this claim is based is not tenable, for one may be divested of “ an estate which lies in action only, by doing acts, and making such agreements as operate to bar his action, though no conveyance be executed. ... In the case of Smiley and wife v. Wright, 2 Ohio, 506, this court adjudged that a widow barred her recovery of dower by a parol assent that the administrator might sell the estate of her husband, discharged of dower, upon the faith of which the purchase was made.” Shotwell v. Sedam, 3 Ohio, 5. But if the land had been sold free of dower without her knowledge, and she had, after being informed of such sale, received one-third of the avails of the sale as her dower, it would seem that she ought to be equally barred; for it would be no less a fraud to retain one-third of the avails of the sale, and still claim to be endowed of the land sold.
Undoubtedly, in this case, the widow was not barred of her dower in the laud sold by the guardian, though he did in fact sell her interest; but when she was informed of the fact, and was proffered the use of one-third of the avails of the sale, it was at her option to ratify the sale, and receive her dower in the proceeds thereof in lieu of the land, or to reject it, and look to the land alone. Jennings v. Hutchens, 14 Pick. 345. She could not do both. She elected to take the use of one-third of the proceeds of the sale, which, by agreement with the guardian, was to be invested in land in this state, to be held by her for life, in lieu of her dower in the land which had been sold by the guardian. The money accruing from the sale of her dower was so invested, and she acquiesced in the sale, and enjoyed the avails thereof more than ten years unquestioned by any one; and, but for the interference of the guardian, would doubtless have continued to do so.
It would be sanctioning a gross fraud upon the purchaser at the guardian sale in 1855, who in good faith paid a full *337 price for the land, including the widow’s dower, now that the land has, as it is said, trebled in value,'to permit a successful assertion of her dower therein, after so long an acquiescence in and enjoyment of the avails of the sale. She-does not now attempt to assert such right, and she claims that she never intended to do it. Undoubtedly the sale, including dower, and the arrangements made in 1855 by reason thereof, were for the best; interests of all concerned,, and were made in good faith by all parties, and can not now be disturbed without working a gross wrong. Nor,, so far as the record shows (the guardian excepted), is it sought to be done by any of the parties affected by the sale. But we think that the guardian, upon whose representations the land was sold free of dower, and who honestly and fairly induced the widow to acquiesce in the sale,, and accept dower in the avails thereof in.lieu of the land, by so doing, fortunately, protected the purchaser from the-successful assertion of dower in the land, whether made by the widow, or by himself under cover of her name.
Nothing appears in the record tending to show that the-rights of the wards of the guardian were in the least prejudiced by his sale aud reinvestment of the widow’s dower. On the contrary, it appears that their interest in the land wás-thereby sold for an enhanced price. Nor does it appear but that they are entirely satisfied with all the proceedings of the guardian in the premises. On the contrary, he claims1 to have settled with them “independent of the land” in controversy held in his own name; and, for aught that appears, he is now the sole owner of the land. Nor does he pretend but that this settlement with his wards was effected by deducting from the_avails of the guardian sale-the value of the widow’s dower. It surely would be but right that he should do so, for his wards could have no-equitable right thereto. If, however, it were so that any one must lose for their gain, it ought to be the guardian rather than the purchaser or the widow, who have in good faith acted upon his representations. It would be most in *338 equitable that he should derive a personal advantage at their expense.
But the real question in the case is, whether the guardian can now repudiate his arrangement made with the widow in 1855 ? He sold her dower and induced her to accept this arrangement in lieu of it. It was sanctioned by him repeatedly afterward. On the faith of it she acted and relied for years, and until probably (to say the least) all other right in virtue of her dower is lost. So far as appears, no one is to be benefited by the repudiation but the guardian himself. It would be strange if the plainest principles of equity might not be invoked to prevent so gross a wrong.
The Mercer county land belonged to the widow and heirs of the decedent. The avails of the sale belonged to them. It was a trust fund in the .hands of the guardian, of which the widow was entitled to one-third, or to the use of one-third for life. By the arrangement between her and the •trustee, that part of the trust fund was invested in land for •her to hold during life. Though the title was taken in the name of the trustee, a life interest in the fund paid therefor being the widow’s, the same interest in the land, in equity, resulted to her. Tiffany,& Bullard on Trusts, 32. Upon this ground, then, as well as upon the further ground of possession taken and improvements made, under a contract based on a valid consideraron, the widow may claim, in equity, as against the person acting as such guardian or trustee, a life estate in the laud in dispute. So the court below held: it follows that there was no error in overruling the motion for a new trial, on the ground that their holding in the case was contrary to law.
A question is made affecting only other parties defendant in the case, who do not appear to be made parties in the petition in error. But however that may be, we think there is no error available to any of the parties for the reversal of the judgment, and that the question is not of sufficient importance to require further notice than the announcement of the result at which we have arrived.

Judgment affirmed.